UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

MARY LAKS,

        Plaintiff,

        v

UNION OF ORTHODOX JEWISH,
CONGREGATIONS OF AMERICA,

        Defendant.

------------------------------------------------------X

Case No. 08-CV-3631(LAK)

**AMENDED COMPLAINT**

(Demand for Trial by Jury)

(Electronically Filed)

    Mary Laks by her attorneys, Pedowitz & Meister, LLP, alleges as follows for her Amended Complaint against Defendant:

## NATURE OF ACTION

    1.    This action is brought to remedy claims of gender, national origin/race and age discrimination, and retaliation, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e) et. seq. as amended ("Title VII"), and the Age Discrimination Employment Act of 1967, as amended, 29 U.S.C. §621 et. seq. ("ADEA"), the New York State Human Rights Law, Executive Law § 296 et seq.(the "Human Rights Law"), and the Administrative Code of the City of New York § 8-101 et seq. (the "City Law").

    2.    Plaintiff seeks injunctive and declaratory relief, compensatory damages, punitive damages, liquidated damages, back pay, front pay, benefits, attorney fees and other appropriate relief pursuant to Title VII, the ADEA, the Human Rights Law, and the City Law.

## JURISDICTION AND VENUE

    3.    Plaintiff filed a timely charge of discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") on or about September 18, 2007 complaining of the acts of gender, national origin/race, and age discrimination, and

retaliation, alleged herein.

4. On or about January 31, 2008, the EEOC mailed Plaintiff a notice informing her of her right to sue Defendant in federal court. This action has been commenced within 90 days of Plaintiff's receipt of the said notice. Plaintiff has complied fully with all prerequisites to jurisdiction in this Court under applicable law.

5. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Secs. 1331, 1337 and 1343, 28 U.S.C. Secs. 2201 and 2202, 42 U.S.C. Secs. 2000e-5(f) and (g), and 29 U.S.C. §626. This court has supplemental jurisdiction over Plaintiff's Human Rights Law and City Law claims.

6. As the unlawful employment practices complained of herein occurred, and Defendant regularly does business, within the Southern District of New York, venue is proper in this District pursuant to 28 U.S.C. Secs. 1391(b) and 1392 and 42 U.S.C. Sec. 2000e-5(f)(3).

## PARTIES

7. Plaintiff Mary Laks ("Laks"), is over 18 years of age and a resident and citizen of the State of New Jersey. At all times material hereto she was an employee of Defendant working from its offices in Manhattan, New York.

8. On information and belief, Defendant Union of Orthodox Jewish Congregations Of America (the "OU") is and at all times material hereto was, a duly organized New York not for profit corporation maintaining offices at 11 Broadway, New York, New York.

## FACTUAL ALLEGATIONS

9. Plaintiff commenced employment with Defendant in 1991. In 1993, Defendant promoted her to be the Director of the Support Services Department. She held that position until 1999.

10. In 1999, Laks was promoted by the OU to the position of Associate Director of its Development Department ("Development").

11. Throughout her employment at the OU, Laks's performance exceeded expectations with the result that she received numerous salary increases. She was also praised by her co-workers, OU board members, OU donors, and others.

12. As Associate Director of Development, Laks received positive annual performance reviews. On numerous occasions she was commended and thanked for her devotion to the OU and for her excellent work.

13. Laks frequently performed work for the OU that went beyond the scope of her duties. For example, from 2004 through 2007, she obtained corporate honorees for the OU's main fund-raising dinner, thereby generating considerable additional revenue for the OU.

14. On numerous occasions the OU sent Laks to represent the OU in meetings with some of its biggest donors, board members, and honorees. Additionally, Laks assumed the duties of Director of Development during times when the position was vacant and when the Director was out of town or otherwise absent.

15. Laks was repeatedly discriminated against. She was bypassed for promotion to Director of Development in favor of less qualified, and in the case of the hiring of Andrew Goldsmith ("Goldsmith") in 2005, younger, males.

16. The OU bypassed Laks and instead hired Roy Rosenbaum as Director in 2002, and Goldsmith as Director in 2005. The OU also assigned the title of Interim Director of Development in 2004 to Eliezer Edelman and in 2007 to Alan Miller when it should have gone to Laks. Laks was more qualified than the people who were hired to be the Directors, and Interim Directors, of Development.

17. The OU also discriminated against Laks by repeatedly preventing others from recognizing Laks's achievements and successes. On many occasions since her promotion

to Associate Director of Development, the OU refused to invite, or to allow, Laks to attend meetings, events and retreats or to meet with certain donors/clients.

18. Plaintiff was discriminated against on account of her gender, national origin/race, and age in violation of Title VII and the ADEA.

19. During the term of Plaintiff's employment, she was consistently paid less than her male counterparts, as she had not been promoted, despite her having had better qualifications than the males who were promoted.

20. The injuries to Plaintiff have been continuous and oppressive, have extended over a long period of time and have been severely injurious to her. She has been embarrassed, humiliated, personally violated, suffered feelings of diminished self esteem, had her career path interrupted and has been hurt emotionally and economically.

21. By virtue of the actions of Defendant, Plaintiff has sustained, and is sustaining, damages. Defendant should be enjoined from further discriminatory actions and should be directed to make Plaintiff whole. She should be made whole financially for all of her losses and should be awarded back pay and compensatory, liquidated and punitive damages.

## AS A FIRST CAUSE OF ACTION - TITLE VII CLAIM

22. Plaintiff re-alleges paragraph 1 through 21, inclusive, of this Complaint.

23. The Defendant discriminated against Plaintiff in the terms and conditions of her employment on the basis of her gender and national origin/race, denied her promotions, and retaliated against her, in violation of Title VII.

24. In taking the above-described discriminatory actions, the Defendant acted with malice and reckless indifference to Plaintiff's rights under Title VII.

25. As a result of the Defendant's discriminatory acts, Plaintiff has suffered and continues to suffer significant financial and emotional damage including but not limited to lost income, diminished prospective earnings, loss of benefits, humiliation, embarrassment,

emotional pain and other distress, and other compensable injuries, and seeks back pay, front pay, injunctive relief, compensatory damages and punitive damages.

## AS A SECOND CAUSE OF ACTION - ADEA

26. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 21, inclusive, of this Complaint.

27. Defendant discriminated against Plaintiff in the terms and conditions of her employment on the basis of her age, in violation of the ADEA.

28. In taking the above-described discriminatory actions, Defendant acted intentionally and with malice and reckless indifference to Plaintiff's rights under the ADEA.

29. As a result of Defendant's discriminatory acts, Plaintiff has suffered and continues to suffer economic damage and other compensable injuries, and seeks back pay and other economic damages, and a like amount as liquidated damages.

## AS A THIRD CAUSE OF ACTION : HUMAN RIGHTS LAW

30. Plaintiff repeats and re-alleges paragraphs 1 through 21, inclusive, of this Complaint.

31. Defendant discriminated against Plaintiff in the terms and conditions of her employment on the basis of her gender, age, and national origin, in violation of the Human Rights Law, Executive Law, Article 15 §296 et. seq..

32. In taking the above described discriminatory actions, Defendant acted intentionally and with malice and reckless indifference to Plaintiff's rights under the Human Rights Law.

33. As a result of Defendant's discriminatory acts, Plaintiff suffered and continues to suffer economic loss, mental anguish, emotional distress, and other compensable injuries for which she should be given compensatory damages, plus interest.

## AS A FOURTH CAUSE OF ACTION : CITY LAW

34. Plaintiff repeats and re-alleges paragraphs 1 through 21, inclusive, of this Complaint.

35. Defendant discriminated against Plaintiff in the terms and conditions of her employment on the basis of her gender, age, and national origin, in violation of the City Law, §8-101

et. seq.

36. In taking the above described discriminatory actions, Defendant acted intentionally and with malice and reckless indifference to Plaintiff's rights under the Administrative Code.

37. As a result of Defendant's discriminatory acts, Plaintiff suffered and continues to suffer economic loss, mental anguish, emotional distress, and other compensable injuries for which she should be given compensatory damages, plus interest and punitive damages..

**WHEREFORE,** Plaintiff respectfully requests that this Court enter a Judgment in her favor and against Defendant:

a) declaring the acts and practices by Defendant complained of herein to be violations of Title VII, ADEA, the Human Rights Law, and the City Law;

b) enjoining and permanently restraining these violations of the acts and practices by Defendant complained of herein to be violations of Title VII, ADEA, the Human Rights Law, and the City Law;

c) directing Defendant to take such affirmative steps as are necessary to ensure that these unlawful practices are discontinued and eliminated, and do not continue to affect Plaintiff's employment opportunities;

d) directing Defendant to develop and implement, under the supervision of this Court, an effective policy to prevent gender, national origin/race and age discrimination, and unlawful retaliation;

e) directing Defendant to pay Plaintiff back pay and compensatory damages, including but not limited to lost income, diminished prospective earnings, loss of benefits, loss of prestige, humiliation, embarrassment, emotional pain and other distress, in an amount proven at trial, and punitive damages;

f) directing Defendant to pay Plaintiff an amount equal to her lost wages and benefits retroactive to the date of discrimination, and retaliation, with interest thereon,

together with an equal amount as liquidated damages by virtue of its wilful and malicious actions;

      h)    awarding Plaintiff punitive damages on the City Law cause of action;

      i)    awarding Plaintiff the costs of this action, interest, and attorney's fees; and

      j)    granting Plaintiff such other and further relief as this Court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury of all issues so triable in this action.

Dated:    New York, New York
            July 15, 2008

PEDOWITZ & MEISTER, LLP

By:   *[signature]*
     ARNOLD H. PEDOWITZ (AP-1382)
     Attorneys for Plaintiff
     1501 Broadway, Suite 800
     New York, NY 10036
     (212) 403-7321