UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARY LAKS,<br><br>           Plaintiff,<br><br>vs.<br><br>UNION OF ORTHODOX JEWISH CONGREGATIONS OF AMERICA,<br><br>           Defendant. | Case No. 08CV3631<br><br>**ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT** |

Defendant, Union of Orthodox Jewish Congregations of America (hereinafter referred to as "Defendant" or "the OU"), by and through its undersigned attorneys, for its Answer to Plaintiff's Amended Complaint, responds and pleads affirmative defenses as follows.

### AS TO "NATURE OF THE ACTION"

1. Defendant denies each and every allegation set forth in Paragraph "1" of Plaintiff's Amended Complaint, except avers that Plaintiff purports to bring this action to remedy claims in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination Employment of 1967 ("ADEA"), the New York State Human Rights Law, Executive Law § 296 (the "Human Rights Law"), and the Administrative Code of the City of New York § 8-101 (the "City Law").

2. Defendant denies each and every allegation set forth in Paragraph "2" of Plaintiff's Amended Complaint, except avers that Plaintiff purports to seek relief pursuant to Title VII, the ADEA, the New York State Human Rights Law and the Administrative Code of the City of New York.

### AS TO "JURISDICTION AND VENUE"

3. Defendant denies each and every allegation set forth in Paragraph "3" of Plaintiff's Amended Complaint, except admits that Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission dated September 18, 2007 and specifically denies that the allegations of discrimination contained in that charge are either timely or true.

4. Defendant denies each and every allegation set forth in Paragraph "4" of Plaintiff's Amended Complaint, except admits that the Notice of Right to Sue indicates a date of January 31, 2008.

5. Defendant denies each and every allegation set forth in Paragraph "5" of Plaintiff's Amended Complaint, except avers that Plaintiff purports to invoke this Court's jurisdiction pursuant to 28 U.S.C. § 1331, 1337 and 1343, 28 U.S.C. §. 2201 and 2202, 42 U.S.C. § 2000e-5(f) and (g) and 29 U.S.C. § 626.

6. Defendant denies each and every allegation set forth in Paragraph "6" of Plaintiff's Amended Complaint, except avers that Plaintiff alleges venue is proper pursuant to 28 U.S.C. § 1391(b) and 1392 and 42 U.S.C. § 2000e-5(f)(3).

## AS TO "PARTIES"

7. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "7" of Plaintiff's Amended Complaint, except avers that Defendant's business records indicate Plaintiff is an employee of its offices in Manhattan, New York, her date of birth is May 4, 1949 and she is a resident of the State of New Jersey.

8. Defendant admits the allegations set forth in Paragraph "8" of Plaintiff's Amended Complaint.

## AS TO "FACTUAL ALLEGATIONS"

9. Defendant denies each and every allegation set forth in Paragraph "9" of Plaintiff's Amended Complaint, except admits that Plaintiff commenced her employment with Defendant in 1991 as an Administrative Assistant and later held the position of Supervisor of the Support Services Department until 1999.

10. Defendant admits the allegations set forth in Paragraph "10" of Plaintiff's Amended Complaint.

11. Defendant denies each and every allegation set forth in Paragraph "11" of Plaintiff's Amended Complaint, except admits that Plaintiff received salary increases and some individuals praised Plaintiff.

12. Defendant denies each and every allegation set forth in Paragraph "12" of Plaintiff's Amended Complaint, except admits that Plaintiff received salary increases.

13. Defendant denies each and every allegation set forth in Paragraph "13" of Plaintiff's Amended Complaint.

14. Defendant denies each and every allegation set forth in Paragraph "14" of Plaintiff's Amended Complaint.

15. Defendant denies each and every allegation set forth in Paragraph "15" of Plaintiff's Amended Complaint.

16. Defendant denies each and every allegation set forth in Paragraph "16" of Plaintiff's Amended Complaint.

17. Defendant denies each and every allegation set forth in Paragraph "17" of Plaintiff's Amended Complaint.

18. Defendant denies each and every allegation set forth in Paragraph "18" of Plaintiff's Amended Complaint.

19. Defendant denies each and every allegation set forth in Paragraph "19" of Plaintiff's Amended Complaint.

20. Defendant denies each and every allegation set forth in Paragraph "20" of Plaintiff's Amended Complaint.

21. Defendant denies each and every allegation set forth in Paragraph "21" of Plaintiff's Amended Complaint.

### AS TO "AS A FIRST CAUSE OF ACTION – TITLE VII CLAIM"

22. Defendant repeats and realleges its answers to each and every allegation set forth in Paragraphs "1" through "21," inclusive, as though fully set forth herein in response to Paragraph "22" of Plaintiff's Amended Complaint.

23. Defendant denies each and every allegation set forth in Paragraph "23" of Plaintiff's Amended Complaint.

24. Defendant denies each and every allegation set forth in Paragraph "24" of Plaintiff's Amended Complaint.

25. Defendant denies each and every allegation set forth in Paragraph "25" of Plaintiff's Amended Complaint.

### AS TO "AS A SECOND CAUSE OF ACTION - ADEA"

26. Defendant repeats and realleges its answers to each and every allegation set forth in Paragraphs "1" through "25," inclusive, as though fully set forth herein in response to Paragraph "26" of Plaintiff's Amended Complaint.

27. Defendant denies each and every allegation set forth in Paragraph "27" of Plaintiff's Amended Complaint.

28. Defendant denies each and every allegation set forth in Paragraph "28" of Plaintiff's Amended Complaint.

29. Defendant denies each and every allegation set forth in Paragraph "29" of Plaintiff's Amended Complaint.

### AS TO "AS A THIRD CAUSE OF ACTION : HUMAN RIGHTS LAW"

30. Defendant repeats and realleges its answers to each and every allegation set forth in Paragraphs "1" through "29," inclusive, as though fully set forth herein in response to Paragraph "30" of Plaintiff's Amended Complaint.

31. Defendant denies each and every allegation set forth in Paragraph "31" of Plaintiff's Amended Complaint.

32. Defendant denies each and every allegation set forth in Paragraph "32" of Plaintiff's Amended Complaint.

33. Defendant denies each and every allegation set forth in Paragraph "33" of Plaintiff's Amended Complaint.

### AS TO "AS A FOURTH CAUSE OF ACTION : CITY LAW"

34. Defendant repeats and realleges its answers to each and every allegation set forth in Paragraphs "1" through "33," inclusive, as though fully set forth herein in response to Paragraph "34" of Plaintiff's Amended Complaint.

35. Defendant denies each and every allegation set forth in Paragraph "35" of Plaintiff's Amended Complaint.

36. Defendant denies each and every allegation set forth in Paragraph "36" of Plaintiff's Amended Complaint.

37. Defendant denies each and every allegation set forth in Paragraph "37" of Plaintiff's Amended Complaint.

### AS AND FOR DEFENDANT'S AFFIRMATIVE DEFENSES

As further Answer to Plaintiff's Amended Complaint, Defendant asserts the

following affirmative defenses, each of which is a bar to Plaintiff's claims. Defendant reserves the right to assert additional defenses as they may become known during the course of discovery and trial preparation or otherwise.

### AS AND FOR DEFENDANT'S FIRST AFFIRMATIVE DEFENSE

38. Plaintiff's Amended Complaint fails, in whole or in part, to state a claim upon which relief can be granted or for which the damages sought can be awarded.

### AS AND FOR DEFENDANT'S SECOND AFFIRMATIVE DEFENSE

39. Each and every action taken by Defendant was taken for a legitimate, non-discriminatory, non-retaliatory business reason and would have been taken regardless of Plaintiff's gender, age or national origin and/or any other protected activity in which Plaintiff engaged.

### AS AND FOR DEFENDANT'S THIRD AFFIRMATIVE DEFENSE

40. Plaintiff's Amended Complaint is barred, in whole or in part, because Defendant exercised reasonable care to prevent alleged discriminatory behavior and/or retaliatory conduct.

### AS AND FOR DEFENDANT'S FOURTH AFFIRMATIVE DEFENSE

41. Plaintiff's claims are barred, in whole or in part, because Plaintiff unreasonably failed to take advantage of Defendant's preventive or corrective opportunities or to avoid harm otherwise.

### AS AND FOR DEFENDANT'S FIFTH AFFIRMATIVE DEFENSE

42. At all times relevant hereto, Defendant has acted reasonably and in good faith toward Plaintiff and has not violated any rights which may be secured to Plaintiff under any federal, state or local laws, rules, regulations or guidelines.

**AS AND FOR DEFENDANT'S SIXTH AFFIRMATIVE DEFENSE**

43. Plaintiff's claims for damages are barred or should be reduced in that she has failed to mitigate her alleged damages, if any, by using reasonable diligence to seek and obtain comparable employment elsewhere.

**AS AND FOR DEFENDANT'S SEVENTH AFFIRMATIVE DEFENSE**

44. Plaintiff's Amended Complaint is barred, in whole or in part, by the applicable statute of limitations.

**AS AND FOR DEFENDANT'S EIGHTH AFFIRMATIVE DEFENSE**

45. Defendant is not liable for punitive damages because Defendant made good faith efforts to comply with Title VII, the ADEA, the Administrative Code of the City of New York and all other applicable laws.

WHEREFORE, Defendant requests that the Court:

(a) Dismiss the Amended Complaint in its entirety with prejudice;

(b) Deny each and every demand and request for relief contained therein;

(c) Award Defendant its reasonable costs and fees incurred in defending this meritless and vexatious action; and

(d) Grant such other and further relief to Defendant as the Court deems just and proper.

                                                        Respectfully submitted,

                                                  JACKSON LEWIS LLP
                                                      59 Maiden Lane
                                                      New York, New York 10038-4502
                                                      (212) 545-4000

Dated: August 5, 2008             By: _____
       New York, New York                    Clifford R. Atlas (CA 9512)
                                                      Nicole Q. Saldana (NS 6524)

                                                      ATTORNEYS FOR DEFENDANT
                                                      UNION OF ORTHODOX JEWISH
                                                      CONGREGATIONS OF AMERICA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARY LAKS,<br><br>     Plaintiff,<br><br>vs.<br><br>UNION OF ORTHODOX JEWISH CONGREGATIONS OF AMERICA,<br><br>     Defendant. | Case No. 08CV3631 |

### CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of August, 2008, I electronically filed: Defendant's Answer and Affirmative Defenses to Plaintiff's Amended Complaint with the Clerk of the Court using the ECF system.

_____
Clifford R. Atlas, Esq.

9